**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kim Sordyl, OSB No. 031610**
Sordyl Law LLC
422 NW 13th Ave # 751
Portland, Oregon 97209
503-502-1974

**Emily Templeton**
Court Certified Law Clerk
OlsenDaines

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **A.B.**<br><br>             Plaintiff<br><br>vs<br><br>**DR. JASON CAMPBELL** and **OREGON HEALTH & SCIENCE UNIVERSITY**<br><br>             Defendants | Case No. 3:21-cv-00311-HZ<br><br>**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br>Oral Argument Requested |

**MOTION TO PROCEED UNDER PSEUDONYM** – Page 1 of 8

## CERTIFICATION

The parties made a good faith effort by email to resolve the dispute and have been unable to do so.

## MOTION

Under FRCP 16(b) and this Court's inherent authority, and based on the attached public records and declarations, plaintiff respectfully moves for an order permitting her to proceed under pseudonym during the discovery phase of this case through entry of the pre-trial order.

## LEGAL STANDARDS

A party may "preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F3d 1058, 1068-70 (9th Cir 2000) (district court abused its discretion by "failing to consider evidence of threatened retaliation by parties not before the court; concluding that risks of extraordinary economic injury are insufficient as a matter of law to satisfy plaintiffs' burden; failing to consider as a factor plaintiffs' vulnerability to retaliation; failing to identify specific prejudice to defendants; and failing to decide whether the public's interest was best served by requiring plaintiffs to reveal their identities.")

**MOTION TO PROCEED UNDER PSEUDONYM** – Page 2 of 8

A plaintiff may file a complaint under a fictitious name, then petition a district court by motion to continue proceeding under the fictitious name throughout the litigation. *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 US Dist LEXIS 51681, at *3-4 (ND Cal May 13, 2011) (granting plaintiff's motion to proceed under pseudonym after plaintiff filed complaint in the name of "Jane Doe" claiming sexual battery and other related torts).

District courts "determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation". *Does I thru XXIII*, 214 F3d at 1068-70.

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id*. "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id*.

*Does I thru XXIII* makes clear that even when a motion to proceed under a fictitious name is not opposed by the parties, district courts should still consider evidence in addition to the complaint's allegations to determine whether a party's "need for anonymity" outweighs "the public's interest in knowing the party's identity" and FRCP 10(a)'s "command that the title of every complaint 'include the names of all the parties'". *Id*. at 1067-8.

# ARGUMENT

## 1. Severity of the Threatened Injury

In this case, the complaint alleges that plaintiff requests to proceed under a pseudonym "because she faced retaliation and vandalism after reporting Dr. Campbell's assault to OHSU." Complaint ¶ 20. The attached public records substantiate the allegation that plaintiff has already faced retaliation after reporting the sexual assault to OHSU. Exhibit 2. The complaint's allegation coupled with the supporting public records suggest that plaintiff faces a sufficiently severe threat of future injury if her name were to be made public in this case. Plaintiff's counsel has been contacted by other women who also said they experienced sexual harassment at OHSU but would not feel comfortable signing declarations in this case or going public out of fear of retaliation and harm to their careers in the healthcare industry. Fuller Declaration ¶ 3. All of this evidence suggests that plaintiff may face a severe threat of injury if she is not permitted to proceed under pseudonym, both to her physical security, and to her career in the healthcare industry.

## 2. Reasonableness of Plaintiff's Fears

The complaint alleges a pattern and practice of retaliation against women who report that they have been sexually harassed by male doctors at OHSU. Complaint ¶¶ 36; 43; 50; 76; 82-83; 86; 92; 94. Specifically, the complaint alleges that a 2019 survey of OHSU staff and students revealed that "nearly 60% said they feared they would be retaliated against for reporting a problem" pertaining to sex harassment and discrimination. Complaint ¶ 56. The attached declarations of three additional

**MOTION TO PROCEED UNDER PSEUDONYM** – Page 4 of 8

woman who, like plaintiff, fear retaliation for reporting sexual assault at OHSU, help substantiate the complaint's allegations of pattern and practice and suggest that plaintiff's fears of future retaliation are reasonable, especially considering that the complaint in this case has been covered by various news organizations.

### 3. Vulnerability to Retaliation

The complaint alleges that plaintiff "is a female standing just under five feet tall with a slim build" working in the healthcare industry who has already been the victim of unsolved crime in retaliation for reporting sexual harassment to OHSU. Complaint ¶¶ 20-21. As such, the Court may reasonably determine that plaintiff is particularly vulnerable to future invasions of her privacy, in addition to harm to her career in the healthcare industry, if her name were to be made public.

Plaintiff's counsel, who has been identified by name in association with this case, has already received retaliation from purported fans of Dr. Campbell, including the voicemail below, suggesting that plaintiff too may be vulnerable to similar retaliation if her name were public on PACER:

> "Hey Michael Fuller I just kind of watched something on the news about you and in my opinion you're a fucking ambulance chaser. I'm sure you're defending – or prosecuting – or trying to prosecute the Tik Tok Doc, because you're going to try and get some money contingent on winning it. Get the fuck out of Portland man, we don't need you." Fuller Declaration ¶ 4.

The attached declarations of additional survivors help explain how women employed as social workers and nurses are especially vulnerable to retaliation when they report they've been harassed by male doctors in the healthcare industry.

**MOTION TO PROCEED UNDER PSEUDONYM** – Page 5 of 8

Plaintiff's vulnerability to retaliation as substantiated above warrants granting plaintiff's motion.

### 4. Prejudice to Defendants

No evidence suggests any prejudice to either defendant by restricting plaintiff's name from public access at this stage in the litigation, as they both already learned plaintiff's identity during OHSU's internal investigation determining that Dr. Campbell violated OHSU's policies pertaining to sexual misconduct. Fuller Declaration ¶ 5.

### 5. Public Interest

Finally, the public's interest is best served by encouraging alleged survivors of sexual assaults to file complaints without publicly disclosing their identities to avoid victim-shaming, doxxing, and retaliation. The news organizations that have covered this case have permitted its writers to honor plaintiff's request to remain anonymous for these exact reasons.[1] Fuller Declaration ¶ 6.

---

[1] https://www.oregonlive.com/health/2021/03/ohsu-professors-students-chant-we-believe-you-in-wake-of-social-workers-sexual-misconduct-case-against-tiktok-doc.html; https://www.kptv.com/news/viral-tik-tok-doc-accused-of-sexual-assault-harassment/article_f4795776-7af7-11eb-acaf-272a3bf84d3c.html; https://www.kgw.com/article/news/local/lawyer-numerous-women-come-forward-with-allegations-against-tik-tok-doctor/283-21305a65-5f7b-4842-8ca1-3751f9172aa1; https://www.koin.com/news/oregon/suit-tik-tok-doc-harassed-coworker-with-texts-sexual-advances/; https://www.foxnews.com/us/tiktok-doc-former-employer-hit-million-sexual-assault-harassment-suit; https://nypost.com/2021/02/28/tik-tok-doc-accused-of-sexual-abuse-in-45-million-lawsuit/; https://www.newsweek.com/who-tiktok-doc-jason-campbell-accused-sexual-assault-1572784; https://www.pdxmonthly.com/news-and-city-life/2021/03/after-charges-of-mishandling-sexual-assault-accusations-a-prominent-ohsu-doctor-faces-a-reckoning; etc.

**MOTION TO PROCEED UNDER PSEUDONYM** – Page 6 of 8

## CONCLUSION

Good cause exists to grant plaintiff the relief sought in this motion, in addition to the fact that plaintiff is a female social worker accusing a popular prominent doctor with more than 260,000 Tik Tok followers of sexual harassment, and the complete lack of prejudice to defendants. Fuller Declaration ¶ 1.

OHSU has stated its intent to strike the redacted declarations supporting this motion from the public record. Fuller Declaration ¶ 8. If the allegations and evidence supporting this motion are found to be insufficient for any reason, or if OHSU is successful in striking the redacted declarations from the public record, plaintiff intends to move for reconsideration of this motion and to move for an order permitting the unredacted versions of the attached exhibits, and additional declarations and exhibits, to be submitted confidentially in camera or otherwise filed under seal and restricted from public access.

March 7, 2021

                                      **RESPECTFULLY FILED,**

                                      s/ Michael Fuller
                                      **Michael Fuller, OSB No. 09357**
                                      OlsenDaines
                                      US Bancorp Tower
                                      111 SW 5th Ave., Suite 3150
                                      Portland, Oregon 97204
                                      michael@underdoglawyer.com
                                      Direct 503-222-2000

**CERTIFICATE OF SERVICE**

I caused this document to be served on all parties who have appeared in this action through the CM/ECF system.

March 7, 2021

                                             s/ Michael Fuller
                                             **Michael Fuller, OSB No. 09357**
                                             OlsenDaines
                                             US Bancorp Tower
                                             111 SW 5th Ave., Suite 3150
                                             Portland, Oregon 97204
                                             michael@underdoglawyer.com
                                             Direct 503-222-2000

**MOTION TO PROCEED UNDER PSEUDONYM** – Page 8 of 8