Karen O'Kasey, OSB No. 870696
E-mail: kok@hartwagner.com
Andrew T. Weiner, OSB No. 115485
E-mail: atw@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
    Of Attorneys for Defendant OHSU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **A.B.,** <br><br> Plaintiff, <br><br> v. <br><br> **Dr. JASON CAMPBELL and OREGON HEALTH & SCIENCE UNIVERSITY,** <br><br> Defendants. | Case No 3:21-cv-00311-HZ <br><br> **DEFENDANT OHSU'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

Defendant Oregon Health & Science University ("OHSU") opposes plaintiff's motion for a protective order to apply to information exchanged as part of initial disclosures (ECF No. 5-1). OHSU does not object in principle to a protective order, but believes it is too early in the litigation to determine the scope of such an order. This opposition is supported by the legal memorandum set forth below and the pleadings on file herein.

**FACTUAL BACKGROUND**

This is a tort action. Plaintiff alleges personal injury claims against defendant Campbell

Page 1 – DEFENDANT OHSU'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

and vicarious liability claims against OHSU for: (1) sexual assault, (2) battery, (3) intentional infliction of emotional distress, and (4) invasion of privacy. She also brings a direct negligence claim against OHSU. This lawsuit was filed on February 26, 2021 (ECF No. 1), and served on March 1, 2021 (ECF No. 3-1). Initial disclosures pursuant to F.R.C.P. 26 have not yet been exchanged and no discovery requests yet issued.

## LEGAL ARGUMENT

The Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "forbidding the disclosure" of discovery material. F.R.C.P. 26(c)(1). The burden for establishing the need for a protective order for materials produced in discovery falls on the party seeking the order. *Id.*; *San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (describing it as a "heavy burden").

### A.	Plaintiff Has Not Established a Specific Need.

Protective orders are generally disfavored, so the need for a protective order must be justified based on specific, articulable facts. *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–1211 (9th Cir. 2002) (the party seeking protection "bears the burden of showing specific prejudice or harm will result if no protective order is granted"). This is because, as a general rule, the public is permitted "access to litigation documents and information produced during discovery." *Phillips*, 307 F.3d at 1210–1211; *San Jose Mercury News*, 187 F.3d at 1103 (material produced in pretrial discovery is "presumptively public").

Page 2 – DEFENDANT OHSU'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
ENTRY OF PROTECTIVE ORDER

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Here plaintiff asserts that a protective order is necessary because the parties expect to exchange documents that "*may likely contain* sensitive and confidential personal information, scandalous materials, and explicit content" (ECF No. 5-1, p. 2) (emphasis added). The possibility that documents exchanged in discovery *may* contain sensitive or confidential information falls short of the showing required. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test). Plaintiff has provided no specific examples, nor articulated how disclosure of any information the parties may exchange in discovery will result in specific prejudice or harm.

The proposed protective order is too broad and lacks the requisite specificity. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that "blanket" protective orders are overly inclusive by nature, and that a party seeking protection via such an order does not typically satisfy the "good cause" showing requirement). Plaintiff asserts that the parties expect to exchange "information related to plaintiff's allegations of OHSU's pattern and practice, in addition to various aspects of complaints of sexual harassment and discrimination" (ECF No. 5-1, p. 2). Putting aside the fact that there is no "pattern and practice" claim available under Oregon common law and plaintiff does not plead such a theory of recovery in any event, plaintiff fails to explain what specific information she will be producing that requires protection and why it requires protection.

**B.     It is Too Early in the Discovery Process to Determine the Need for a Protective Order.**

As discussed above, the parties have not exchanged initial disclosures. Plaintiff has not indicated that she will be producing any information that is traditionally subject to protective

Page 3 – DEFENDANT OHSU'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

orders—trade secret information, personnel files and/or medical records. Given this and the lack of specificity about which documents plaintiff believes should be subject to the protective order and the basis for need, it is premature for such an order to be entered.

## CONCLUSION

For the above-stated reasons, the Court should deny plaintiff's motion for a protective order.

DATED this 16th day of March, 2021.

                        HART WAGNER, LLP

By:   */s/ Karen O'Kasey*
      Karen O'Kasey, OSB No. 870696
      kok@hartwagner.com
      Andrew T. Weiner, OSB No. 115485
      atw@hartwagner.com
      Of Attorneys for Defendants

      Trial Attorney: Karen O'Kasey, OSB No. 870696

**Page 4 – DEFENDANT OHSU'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2021, I served the foregoing **DEFENDANT OHSU'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER** on the following parties at the following addresses:

Michael Fuller
OlsenDaines PC
US Bancorp Tower 31st Floor
111 SW 5th Ave Suite 3150
Portland OR  97204

Kimberly A. Sordyl
Sordyl Law LLC
422 NW 13th Ave # 751
Portland OR  97209
   *Attorneys for Plaintiff*

Courtney Angeli
Buchanan Angeli Altschul & Sullivan LLP
921 SW Washington St Ste 516
Portland OR  97205
   *Attorney for Jason Campbell*

by electronic means through the Court's Case Management/Electronic Case File system.

                                        */s/ Karen O'Kasey*
                                        Karen O'Kasey

Page 1 – CERTIFICATE OF SERVICE

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301