**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tel: (503) 295-3085

**Roberta A. Kaplan**, *pro hac vice pending*
rkaplan@kaplanhecker.com
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Tele: (212) 763-0883

    Of Attorneys for Dr. Esther Choo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **A.B.**, | Case No. 3:21-cv-00311-HZ |
| Plaintiff, | |
| v. | **NON-PARTY DR. ESTHER CHOO'S MOTION FOR PROTECTIVE ORDER** |
| **DR. JASON CAMPBELL and OREGON HEALTH & SCIENCE UNIVERSITY,** | **Fed. R. Civ. P. 26(c)** |
| Defendants. | **Oral Argument Requested** |

### LR 7-1 CERTIFICATION

The undersigned certifies that counsel for Dr. Esther Choo conferred with Plaintiff's counsel in a good faith effort to resolve the subject matter of this motion but was unable to do so. The Court's ruling is necessary on these matters.

## MOTION

Pursuant to Federal Rule of Civil Procedure 26(c), non-party Dr. Esther Choo moves for a protective order to keep confidential her discovery responses and accompanying production, as explained further below. This motion is supported by the legal memorandum set forth below, the Declaration of Roberta A. Kaplan, and attached exhibit and the pleadings on file herein.

## INTRODUCTION AND BACKGROUND

Dr. Esther Choo is a third-party witness in the above-referenced action. The Complaint in this action includes numerous allegations about Dr. Choo that are completely unrelated and untethered to Plaintiff's legal claims. *See* Compl. ECF No. 1 ¶¶ 63-64 (discussing Dr. Esther Choo's involvement in the national organization Times Up Healthcare and noting that she has 185,000 Twitter followers). There is no conceivable reason Dr. Choo's name even appears in the Complaint in this action other than to generate press-worthy clickbait and headlines. And that is precisely what Plaintiff's counsel has done and seeks to continue to do. *See* Ex. A to Declaration of Roberta A. Kaplan; *see also* ECF No. 13 & Ex. C. For example, Plaintiff's counsel has already tweeted or retweeted that Dr. Choo failed to protect a victim of sexual assault, "victim shamed," and ignored her professional responsibilities. *See* ECF 14-3. Similarly, Plaintiff's counsel tweeted if "Trump worked at OHSUNews . . . Choo would have said she never heard "grab em by the pussy" and that "Dr. Choo is a public health issue. Get your tickets! Clown show!" *See* ECF 14-3. Plaintiff's counsel has even started a twitter hashtag "Choo Knew." *Id.* And a mysterious twitter account from the user "@JBennnet" with 0 followers and following 0 people retweeted as recently as April 6 a tweet publishing one of Dr. Choo's text messages with the Plaintiff and accusing her of silencing victims. *See* ECF 29-1.

On March 20, 2021, Plaintiff served a Subpoena to Testify at a Deposition in a Civil Action on Dr. Choo. Plaintiff did not serve a Subpoena Duces Tecum, but instead noted that Dr. Choo must "also bring with [her] to the deposition the following documents," and referred Dr. Choo to the "attached list of documents," which contained seven requests for production. It is unclear whether Plaintiff intended the "List of Documents" to be a Subpoena Duces Tecum, or

only sought such documents at Dr. Choo's deposition. In an excess of caution, and without waiving any objection that the "List of Documents" was procedurally improper, Dr. Choo submitted her Responses and Objections to the Subpoena ("Responses") in accordance with federal and local rules governing Subpoenas Duces Tecum on April 5, 2021.

In her cover letter accompanying the Responses, Dr. Choo designated the letter, her Responses, and any forthcoming production as Confidential pursuant to the Protective Order entered by the Court in this Action on March 24, 2021, ECF No. 27 (the "Protective Order"). The Protective Order provides that "third parties subpoenaed by one of the parties, may designate as 'Confidential' documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as 'Confidential,' if practical to do so." Protective Order ¶ 3.

On April 5, 2021, Plaintiff's counsel responded to Dr. Choo's Responses via email asking for a telephonic meet and confer to discuss, and provided no objection or additional comment regarding Dr. Choo's Responses. That meet and confer occurred on April 14, 2021. During that meet and confer, Plaintiff's counsel, Michael Fuller, indicated that he did not want to discuss substantive issues with Dr. Choo's Responses. Instead, he asked whether Dr. Choo intended to designate the Responses themselves and any forthcoming production as Confidential. Dr. Choo's counsel confirmed that they intended to mark the Responses Confidential, as reflected in her accompanying cover letter, due, in large part, to the disturbing history in this case of social media harassment of Dr. Choo. Plaintiff's counsel represented that he would not agree to maintain the confidentiality of Dr. Choo's Responses or any produced materials, and would not assure Dr. Choo's counsel that the conversation during the meet and confer itself would remain confidential, or, as they have been known to do, use social media to further malign Dr. Choo. Moreover, Plaintiff's counsel threatened Dr. Choo's counsel with a contempt motion in connection with their insistence that Dr. Choo's materials remain Confidential. The call then concluded.

Dr. Choo's counsel, of course, remains open to continuing the meet and confer process, to producing responsive documents, and to sitting for a deposition, as long as Plaintiff's counsel agrees to maintain the conversation and the materials discussed therein confidential pursuant to the Protective Order.

Accordingly, Dr. Choo hereby moves for a Protective Order making sure that her Responses, any produced documents, and any additional discovery negotiations, discussions, communications, and testimony remain Confidential pursuant to Paragraph 3 of the Protective Order.

## LEGAL STANDARD

The Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "forbidding the disclosure" of discovery material. Fed. R. Civ. P. 26(c)(1). "Though more commonly used during discovery to insulate sensitive discovery materials, a protective order may also be used to protect a party or potential party from intimidation or retaliation." *Goninan v. Wash. Dep't of Corr.*, 2018 WL 4630205, at *2 (W.D. Wash. Sept. 26, 2018). "A protective order under Rule 26 is appropriate if the moving party can demonstrate a specific harm that would result if the protective order is not issued, as well as good cause." *Id.* (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). The Federal Rules also "afford nonparties special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).

## ARGUMENT

Dr. Choo respectfully submits that a protective order allowing her to maintain the Confidentiality of her Responses, the accompanying cover letter, her forthcoming production, and her testimony is appropriate for three important reasons.

*First*, Dr. Choo's Responses and her production should remain confidential in order to protect her from public harassment. Orders granting a non-party confidentiality in the face of ongoing and threatened harassment in the public sphere are routinely permitted. *See Goninan*,

2018 WL 4630205, at *2.  And third parties are subject to even greater protection than parties in the discovery process.  *See Beinin v. Ctr. for Study of Popular Culture*, 2007 WL 8322962, at *2 (N.D. Cal. Mar. 16, 2007); *see* Fed. R. Civ. P. 45(c)(3)(B)(iii).   Here, as this Court is aware, there is, unfortunately, already extensive history of social media attacks involving this case, including on Dr. Choo personally, by social media accounts belonging to Plaintiff's attorneys, as well as a bot account that may be connected to Plaintiff's attorneys.  *See* ECF No. 13 (Motion for Protective Order to enjoin Plaintiff's attorneys from "embark[ing] on a media campaign of their own, making inflammatory, accusatory and prejudicial social media comments that disparage and intimidate OHSU witnesses," including Dr. Choo); *see also* Ex. A.  These attacks are not trivial for Dr. Choo, whose entire profession and career is being denigrated and attacked by Plaintiff's counsel.  In a series of tweets, for example, Plaintiff's counsel sought to maliciously interfere with a professional lecture Dr. Choo was giving on Racism as a Public Health Crisis on March 9, 2021 by tweeting "Dr. Choo is a public health issue. Get your tickets! Clown show!" and "Her image has changed a bit since you booked this gig. I'd ask for discount given the circumstances." *Id*.

Indeed, Plaintiff's counsel has even gone so far as to post on their Twitter account screen shots of Dr. Choo's text messages with Plaintiff.  *See* Ex. A at 4.  The conduct of Plaintiff's counsel in this case to date makes a mockery of the rules and standards of professionalism that govern in federal court.  Dr. Choo is more than happy to produce documents and negotiate in good faith, but without an agreement to maintain confidentiality, Dr. Choo is unwilling to continue negotiations where everything she says or does becomes fodder for attacks upon her, as well as her counsel and representatives, on social media.  Accordingly, Dr. Choo seeks to protect her Responses, forthcoming production, and testimony from the harassing and malicious public scrutiny that she has already endured at Plaintiff's counsels' hands.  *Id.*

*Second*, the Responses, Dr. Choo's production, and any testimony are protected under the plain language of the existing Protective Order in any event.  Under the Protective Order, "third parties subpoenaed by one of the parties," like Dr. Choo, "may designate as 'Confidential'

documents, testimony written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards." Protective Order ¶ 3. Dr. Choo's Responses and Objections to the Subpoena, as well as documents that are within her possession, custody, and control and are responsive to the Subpoena, contain confidential and sensitive information, and as such, Dr. Choo seeks to exercise her rights under Paragraph 3 of the Protective Order to ensure they remain Confidential. Moreover, the concerns about privacy and decency expressed above constitute an independent reason under applicable legal standards to protect Dr. Choo's discussions.

*Third*, to the extent that Plaintiff's counsel argues that Dr. Choo should have redacted documents prior to marking them Confidential pursuant to Paragraph 10 of the Protective Order, any such argument is premature. While Dr. Choo seeks to maintain the confidentiality of the Responses and her produced documents from *public* disclosure for the time being, of course she will exchange them without redactions to Plaintiff's counsel. If, at some future juncture, Plaintiff's counsel seeks to admit into the public record Dr. Choo's Responses and produced documents, then the Court can take that issue up at this time. But Plaintiff's counsel's refusal to recognize the common practice of maintaining confidentiality during the discovery process is unprofessional, a waste of this Court's time and resources, and demonstrates that Plaintiff's only justification for including Dr. Choo in this matter is to smear Dr. Choo in the public sphere, despite her status as a *non-party* witness with absolutely no relevance to the legal claims asserted.

*Finally*, Dr. Choo is entitled to fees and costs associated with responding to the subpoena, including those spent in filing this motion. Under Ninth Circuit precedent, cost-shifting is mandatory if a non-party has incurred "significant expense" in responding to a subpoena. *Legal Voice v. Stormans Inc.*, 728 F.3d 1178, 1182 (9th Cir. 2013). Dr. Choo is represented pro bono, and has now been forced to respond to an improperly crafted subpoena (which, instead of being crafted as a Subpoena Duces Tecum, simply included a "List of Documents" to provide at her deposition), has drafted and submitted Responses, engaged in a meet and confer with Plaintiff's

counsel, and now have had to expend time crafting this motion due to Plaintiff's counsel's efforts to harass Dr. Choo.

Whether pursuant to the specific Protective Order in this case, or the simple courtesy that attorneys routinely accord each other in litigation in federal court throughout this country, Dr. Choo is entitled to have negotiations regarding discovery, including the Responses and Dr. Choo's forthcoming document production and testimony remain confidential pursuant to Paragraph 3 of the Protective Order.

## **CONCLUSION**

For the above-stated reasons, the Court should grant Dr. Choo's motion for a protective order.

DATED this 14th day of April, 2021.

                    MARKOWITZ HERBOLD PC

                    By: *s/Harry B. Wilson*
                          Harry B. Wilson, OSB #077214
                          HarryWilson@MarkowitzHerbold.com

                    KAPLAN HECKER & FINK LLP

                    Roberta A. Kaplan, *pro hac vice pending*
                    rkaplan@kaplanhecker.com

                    *Attorneys for Dr. Esther Choo*

CHOO\1132357