**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tel: (503) 295-3085

**Roberta A. Kaplan**, *admitted pro hac vice*
rkaplan@kaplanhecker.com
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Tele: (212) 763-0883

        Of Attorneys for Dr. Esther Choo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **A.B.**, | Case No. 3:21-cv-00311-HZ |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF NON-PARTY DR. ESTHER CHOO'S MOTION FOR PROTECTIVE ORDER** |
| **DR. JASON CAMPBELL and OREGON HEALTH & SCIENCE UNIVERSITY,** | |
| Defendants. | |

**MEMORANDUM**

Non-party Dr. Esther Choo submits this limited reply brief to correct misstatements and mischaracterizations in Plaintiff's Response to Dr. Choo's Motion for a Protective Order, ECF 35.

At the outset, we note that Plaintiff's response to Dr. Choo's Motion for a Protective Order seems to agree with Dr. Choo's position.  Indeed, Plaintiff now changes her position and, contrary

to the meet and confer that occurred yesterday, the same day as her submission to this Court, represents that her counsel "[n]ever represent[ed] that plaintiff would not agree to maintain the confidentiality of Dr. Choo's produced materials." ECF 35 at 2. While Plaintiff's counsel rewrites history and makes myriad misrepresentations in his Response and the accompanying Declaration of Michael Fuller, *see* Declaration of Rachel Tuchman, Dr. Choo is happy to accept Plaintiff's change of heart. As Plaintiff states, "[a]ssuming Dr. Campbell and OHSU also do not oppose Dr. Choo's motion, the Court should grant it to protect Dr. Choo's privacy rights as a non-party witness in this case." ECF 35 at 4.

It is important to note, however, that Plaintiff's counsel's Declaration only includes one side of the correspondence between Plaintiff's counsel and Dr. Choo's counsel. *See* ECF 36. He omits, as he must because Dr. Choo's counsel designated her email response as Confidential pursuant to Paragraph 3 of the Protective Order, Ms. Kaplan's responsive email contesting Mr. Fuller's misrepresentations. Mr. Fuller's email that he has filed with this Court contains numerous inaccuracies. *See* Declaration of Rachel L. Tuchman in Support of Unopposed Motion for Leave to File Reply.

Finally, Plaintiff's counsel's suggestion that Ms. Kaplan should have filed her *pro hac vice* application earlier is misplaced. Until now, there has been no reason for Dr. Choo or her counsel to appear in this litigation given her status as a non-party witness. As soon as it became clear that Dr. Choo needed this Court's intervention, her counsel properly filed an application for admission *pro hac vice*, supported by local counsel. *See* ECF 32.

Accordingly, Dr. Choo respectfully requests that this Court order the parties to negotiate and submit for the Court's consideration a protective order that permits Dr. Choo to maintain the

confidentiality of her discovery responses, her forthcoming production, and any testimony, as Plaintiff and her counsel now seems to agree.

DATED this 15th day of April, 2021.

MARKOWITZ HERBOLD PC

By: _____
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com

KAPLAN HECKER & FINK LLP

Roberta A. Kaplan, *admitted pro hac vice*
rkaplan@kaplanhecker.com

*Attorneys for Dr. Esther Choo*

CHOO\1132630

**Page 3 -   REPLY IN SUPPORT OF NON-PARTY DR. ESTHER CHOO'S MOTION
             FOR PROTECTIVE ORDER**